1

2

3

4

5              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF WASHINGTON
6

7   IN RE STERLING FINANCIAL CORP.        No.  CV-10-0018-EFS
    ERISA LITIGATION
8
                                          **ORDER PRELIMINARILY APPROVING**
9                                         **CLASS SETTLEMENT**

10

11         Before the Court for preliminary approval is a Settlement (the

12   "Settlement") of this class action (the "Action") asserting claims for

13   alleged violations of the Employee Retirement Income Security Act of

14   1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), with respect to

15   the Sterling Bank 401(k) Plan (the "Sterling 401(k) Plan") and the

16   FirstBank Northwest Employee Stock Ownership Plan (the "FirstBank

17   ESOP" or the "ESOP", and, collectively with the Sterling 401(k) Plan,

18   the "Plan") as against Defendants Sterling Financial Corporation

19   ("SFC"), Sterling Savings Bank ("Sterling" or the "Bank," and,

20   collectively with SFC, the "Company"), Robert Butterfield, and

21   Kathleen Huggins (collectively, "Defendants").   The terms of the

22   Settlement are set out in a Stipulation of Settlement executed on

23   February 28, 2013 (the "Stipulation"), which has been signed by

24   Plaintiffs Philip Laue and Lynne Hammond ("Plaintiffs") and their

25   Counsel, on behalf of the proposed Settlement Class, and Defendants

26   (collectively with Plaintiffs, the "Parties").   Capitalized terms not

ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT - 1

otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation.  The "Settlement Class" is defined below.

The Court has considered Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, ECF No. 102, and the Stipulation attached thereto to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to Members of the proposed Settlement Class.  Having fully reviewed the Parties' filings and the record in this matter, the Court is fully informed and now enters the following Order.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction.**  The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

2. **Class Findings.**  The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

 a. the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

b.   based on allegations in Plaintiffs' Amended
Consolidated Complaint (the "Complaint"), there are
one or more questions of fact and/or law common to
the Settlement Class;

c.   based on allegations in the Complaint, Defendants
engaged in uniform conduct affecting Members of the
Settlement Class, and claims of Plaintiffs are
typical of the claims of the Settlement Class;

d.   Plaintiffs will fairly and adequately protect the
interests of the Settlement Class, in that: (i) the
interests of Plaintiffs and the nature of their
alleged claims are consistent with those of the
Members of the Settlement Class; (ii) no significant
conflicts exist between or among Plaintiffs and the
Settlement Class; and (iii) Plaintiffs are
represented by qualified, reputable counsel, who are
experienced in preparing and prosecuting large,
complex ERISA class actions of this type; and

e.   the prosecution of separate actions by individual
Members of the Settlement Class would create a risk
of: (i) inconsistent or varying adjudications as to
individual class members that would establish
incompatible standards of conduct for the parties
opposing the claims asserted in the Action; or (ii)
adjudications as to individual class members that
would, as a practical matter, be dispositive of the

interests of the other members not parties to the
adjudications, or substantially impair or impede
those persons' ability to protect their interests.

3. **Class Certification.**

a.   Based on the findings set out above, the Court
**PRELIMINARILY CERTIFIES** the following subclass for
settlement purposes under Federal Rule of Civil
Procedure 23(b)(1) in this litigation (hereinafter
the "Sterling 401(k) Plan Class"):

> All persons (except Defendants and their
> immediate family members) who were
> participants in or beneficiaries of the
> Sterling 401(k) Plan at any time between
> October 22, 2007, and February 28, 2013,
> and whose Plan accounts included
> investments in SFC Stock.

b.   Further, based on the findings set out above, the
Court **PRELIMINARILY CERTIFIES** the following subclass
for settlement purposes under Federal Rule of Civil
Procedure 23(b)(1) in this litigation (the "FirstBank
ESOP Class"):

> All persons (except Defendants and their
> immediate family members) who were
> participants in or beneficiaries of the
> FirstBank ESOP at any time between October
> 22, 2007, and November 14, 2008, and whose
> ESOP account included investments in SFC
> Stock.

c.   Accordingly, the Court **PRELIMINARILY CERTIFIES** the
following Settlement Class for settlement purposes
under Federal Rule of Civil Procedure 23(b)(1) in
this litigation:

All persons within the "FirstBank ESOP Class" defined above who held such SFC Stock in their ESOP accounts between October 22, 2007, and November 14, 2008, (the "FirstBank ESOP Class Period"), and all persons within the "Sterling 401(k) Plan Class" defined above who held SFC Stock in their Plan accounts at any time during the period of October 22, 2007, to February 28, 2013 (the "Class Period").

d.   The Court finds the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Federal Rule of Civil Procedure 23(a) and 23(b)(1).  As required by Rule 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action (breach of fiduciary duty claims that pertain to the Plan's investment in company stock); and (iv) the resources Class Counsel has committed to representing the class.  Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class.  Accordingly, pursuant to Rule 23(g)(2) the Court preliminarily designates Hagens

Berman Sobol Shapiro, LLP, and Harwood Feffer LLP as co-lead class counsel ("Class Counsel") with respect to the Settlement Class in this Action.

e.    As set forth above, the Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, appoints Plaintiffs as the representatives of the Settlement Class.

f.    The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Rules 23(a) and 23(b)(1), Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

4.    **Preliminary Approval of Settlement.**    The Settlement documented in the Stipulation of Settlement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Stipulation of Settlement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate;

and (e) the Settlement evidenced by the Stipulation is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

5. **Fairness Hearing.** A hearing (the "Fairness Hearing") pursuant to Rule 23(e) is hereby **SET** on **July 11, 2013**, at **2:00 p.m.** at the Thomas S. Foley U.S. Courthouse, 920 West Riverside Avenue, Spokane, Washington, 99201, to determine finally, among other things:

a. whether the Settlement should be approved as fair, reasonable, and adequate;

b. whether the Settlement Class satisfies the requirements of Rule 23, and should be finally certified as preliminarily found by the Court;

c. whether the litigation should be dismissed with prejudice pursuant to the terms of the Stipulation;

d. whether the Final Approval Order attached to the Stipulation should be entered, and whether the Releasees should be released of and from the Released Claims, as provided in the Stipulation;

e. whether the notice and notice methodology implemented pursuant to the Stipulation (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness

Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Rules, and any other applicable law;

f.  whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Stipulation as required by Rule 23(g) and as preliminarily found by the Court;

g.  whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate, and should be approved by the Court;

h.  whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) and/or (b) qualify for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;

i.   whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

j.   whether case contribution awards should be awarded to Plaintiffs; and

k.   any other issues necessary for approval of the Settlement.

6.   **Class Notice.**   The Parties have presented to the Court a proposed Class Notice, consisting of a Postcard Notice, a Long Form Notice, and a Summary Notice, which are appended to the Stipulation as Exhibits 2, 3, and 4.   The Court **APPROVES** the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Stipulation and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. The Parties have proposed the following manner of communicating the notice to Members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Plaintiffs shall:

a.   by no later than 60 days before the Fairness Hearing, cause the Postcard Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated pursuant to the Stipulation, to the last known address of each Member

of the Settlement Class who can be identified by reasonable effort;

b.  by no later than 60 days before the Fairness Hearing, cause the Long Form Notice to be published to the website identified in the Postcard Notice; and

c.  by no later than 60 days before the Fairness Hearing, cause the Summary Notice to be electronically published on the Business Wire.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

**7.  Objections to Settlement.**

a.  "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation of Settlement, to the proposed case contribution awards, or to the proposed award of attorney fees and expenses.

b.  Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. Any

objection must be signed by the Settlement Class Member.

c. The Objector must also mail the objection and all supporting law and/or evidence to counsel for the Parties, as stated below.  The addresses for filing objections with the Court and service on counsel are as follows:

**THE COURT**
United States District Court
Clerk's Office
Re: Cause No. CV-10-0018-EFS
P.O. Box 1493
Spokane, WA 99210

**PLAINTIFFS' COUNSEL**
Andrew Volk
Hagens Berman
1918 Eighth Ave.
Suite 3300
Seattle, WA 98101

**DEFENDANTS' COUNSEL**
H. Douglas Hinson
Alston & Bird, LLP
950 F St. NW
Washington, DC 20004

d. The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court **by no later than June 27, 2013**.  Any Member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be

foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

8.   **Appearance at Fairness Hearing.**  An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing, either in person or through counsel retained at the Objector's expense.  Objectors or their counsel intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court **by no later than June 27, 2013**.  Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.  The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

9.   **Response to Objectors.**  The Parties shall file their written response(s) to any Objector with the Court and mail a copy of the response to the Objector, or, if represented, to the Objector's counsel, **by no later than July 4, 2013**.

ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT - 12

10. **Compliance with Class Action Fairness Act.** **By no later than July 1, 2013**, Defendants shall file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 2 of the Stipulation.

11. **Notice Expenses.** Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Fund.

12. **Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator.** As stipulated by the parties, the Plan's fiduciaries have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. Defendants have caused or will cause to be paid all fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professional retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan. These Independent Fiduciary Fees will not be paid out of the Settlement Fund. The expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of allocation approved by the Court shall be paid out of the Settlement Fund.

13. **Application for Attorneys' Fees.** Any application by Class Counsel for attorneys' fees and reimbursement of expenses,

for a case contribution award to the Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record **by no later than June 13, 2013.**

14. **Motion for Final Approval of Settlement and Plan of Allocation.** Class Counsel shall file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation **by no later than June 13, 2013.**

15. **Injunction.** Pending final determination of whether the Settlement should be approved, all Members of the Settlement Class and the Plan are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any Releasees.

16. **Termination of Settlement.** If the Settlement is terminated in accordance with the Stipulation of Settlement or does not become Final under the terms of the Stipulation of Settlement for any other reason, this Order and all Class Findings shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

17. **Use of Order.** In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission,

concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

18. **Continuance of Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  29th  day of March 2013.

s/ Edward F. Shea
_____
EDWARD F. SHEA
Senior United States District Judge