UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE STERLING FINANCIAL CORP. ERISA LITIGATION | No.  CV-10-0018-EFS<br><br>**FINAL ORDER APPROVING CLASS SETTLEMENT, DISMISSING ACTION WITH PREJUDICE, AND CLOSING FILE** |

This matter came before the Court on July 11, 2013, for a final fairness hearing on the proposed settlement (the "Settlement") of this class action (the "Action"), preliminarily certified for settlement purposes.  Having reviewed the pleadings, the record in this matter, and applicable authority, and after hearing from the Parties, the Court is fully informed and now enters the following Order.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on February 28, 2013 (the "Stipulation").

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

3. The Court hereby approves and confirms the Settlement embodied in the Stipulation as being a fair, reasonable,

and adequate settlement and compromise of this Action, adopts the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

4. The Court determines that Plaintiffs have asserted claims on behalf of the Sterling Bank 401(k) Plan (the "Sterling 401(k) Plan") and the FirstBank Northwest Employee Stock Ownership Plan (the "FirstBank ESOP" or the "ESOP") (collectively, the Sterling 401(k) Plan and the FirstBank ESOP shall be referred to as the "Plan") to recover losses alleged to have occurred as a result of violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").

5. The Court determines that the Settlement, which includes the payment of $3,025,000 on behalf of Defendants, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

6. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have

FINAL ORDER APPROVING CLASS SETTLEMENT, DISMISSING ACTION WITH PREJUDICE, AND CLOSING FILE - 2

any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

7. The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, Plan participants, and Plan beneficiaries.

8. Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

9. The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due

FINAL ORDER APPROVING CLASS SETTLEMENT, DISMISSING ACTION WITH PREJUDICE, AND CLOSING FILE - 3

and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All persons within the "FirstBank ESOP Class" who held SFC Stock in their ESOP accounts between October 22, 2007 and November 14, 2008 (the "FirstBank ESOP Class Period"), and all persons within the "Sterling 401(k) Plan Class" who held SFC Stock in their Plan accounts at any time during the period of October 22, 2007 to February 28, 2013 (the "Class Period").

11. As set forth in the Preliminary Approval Order the "Sterling 401(k) Plan Class" is defined as:

> All persons (except Defendants and their immediate family members) who were participants in or beneficiaries of the Sterling 401(k) Plan at any time between October 22, 2007 and February 28, 2013 and whose Plan accounts included investments in SFC Stock.

12. As set forth in the Preliminary Approval Order the "FirstBank ESOP Class" is defined as:

> All persons (except Defendants and their immediate family members) who were participants in or beneficiaries of the FirstBank ESOP at any time between October 22, 2007 and November 14, 2008 and whose ESOP account included investments in SFC Stock.

FINAL ORDER APPROVING CLASS SETTLEMENT, DISMISSING ACTION WITH PREJUDICE, AND CLOSING FILE - 4

1  13. Pursuant to Federal Rule of Civil Procedure 23(g), the
2      Court hereby confirms its prior appointment of Hagens
3      Berman Sobol & Shapiro, LLP and Harwood Feffer LLP as co-
4      lead class counsel ("Class Counsel").
5  14. As of the date of Complete Settlement Approval and payment
6      of the Settlement Amount, Plaintiffs, the Plan, and each
7      Member of the Settlement Class on their own behalf and on
8      behalf of their present or former agents, employees,
9      attorneys, accountants, representatives, advisers,
10     investment bankers, trustees, parents, heirs, estates,
11     executors, administrators, successors, and assigns, shall
12     be deemed to have released each and all of the Releasees
13     from the Released Claims.
14 15. As of the date of Complete Settlement Approval and payment
15     of the Settlement Amount, Defendants, including their
16     present or former agents, employees, attorneys,
17     accountants, representatives, advisers, investment bankers,
18     trustees, parents, heirs, estates, executors,
19     administrators, successors, and assigns, shall be deemed to
20     have released the Plaintiff Released Parties from any
21     claims that may have arisen out of this Action.
22 16. As of the date of Complete Settlement Approval and payment
23     of the Settlement Amount, all release provisions shall be
24     given full force and effect in accordance with each and all
25     of their express terms and provisions, including those
26     terms and provisions relating to unknown, unsuspected, or

future claims, demands, or causes of action. Further, Plaintiffs assume for themselves, and on behalf of the Settlement Class, and Defendants assume the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

17. The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

18. All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

19. The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly Class Counsel is awarded expenses in the amount of $**20,903.48**, to be paid from the Settlement Fund. The attorney's fees sought by Class Counsel in the amount of **thirty** percent (**30%**) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in

FINAL ORDER APPROVING CLASS SETTLEMENT, DISMISSING ACTION WITH PREJUDICE, AND CLOSING FILE - 6

comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the amount of **thirty** percent (**30%**) of the common fund established in this Action, specifically $**907,500**.

20. Plaintiffs are hereby awarded case contribution awards in the amount of **$5,000** each and shall be paid pursuant to the timing requirements described in the Stipulation.

21. The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

22. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

23. Plaintiff's Unopposed Motion for Final Approval of Proposed Settlement and Plan of Allocation, **ECF No. 106**, is **GRANTED**.

24. Plaintiff's Motion for Award of Attorneys' Fees, Expenses, and Case Contribution Awards for Named Plaintiffs, **ECF No. 107**, is **GRANTED**.

25. Based on the Settlement, the Court hereby **DISMISSES WITH PREJUDICE** the Complaint and the Action against Defendants.

26. All other pending motions are **DENIED AS MOOT**, and all hearings and other deadlines are **STRICKEN**.

27. The Clerk's Office is directed to **ENTER JUDGMENT** of dismissal with prejudice and to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 11th day of July 2013.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Civil\2010\18.settle.approve.final.lc2.docx

FINAL ORDER APPROVING CLASS SETTLEMENT, DISMISSING ACTION WITH PREJUDICE, AND CLOSING FILE - 8